UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT

OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | & | Case No. 15-31594 |
| David Gordon Wallace Jr. | & | |
| Debtors. | & | Chapter 7 |
| Wayne M. English,    James D. Colling | & | |
| Plaintiffs, | & | ADV. NO. _____ |
| v. | & | |
| David Gordon Wallace Jr. | & | |
| Defendant. | & | |

## ORIGINAL COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

### PURSUANT TO 11 U.S.C. &523

Wayne M. English, ("English", "Plaintiff") and James D. Colling, ("Colling", "Plaintiff), file this Original Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. & 523 (the "Complaint") and respectfully states the following:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. & 157 and 1334. This proceeding is a core proceeding pursuant to 28 U.S.C. & 157(b)(2).
2. Venue is proper in this Court pursuant to 28 U.S.C. & 1408.

### PARTIES

3. English and Colling are creditors and parties-in-interest in the above-referenced bankruptcy.
4. David Gordon Wallace ("Wallace") is an individual debtor in the above-referenced bankruptcy case and may be served with process on Wallace's attorney of record, Janet S. Casciato-Northrup at 333 Clay Street, Suite 2835, Houston, TX 77002.

### STATEMENT OF FACTS

5. After selling another partnership in late 2006, Wallace along with Costa Bajjali ("Bajjali"), formed the Wallace-Bajjali Partnership ("WBP"). In association with BusinessRadio Network, L.P., d/b/a BizRadio ("BizRadio"), Daniel Frishberg ("Frishberg"), Daniel Frishberg Financial Services, Inc. d/b/a DFFS Capital Management, Inc., ("DFFS") and Kaleta Capital Management ("KCM"), (collectively the "Receivership Entities"), among others, WBP raised

capital and cultivated an on-going business relationship. Pursuant to the relationship, WBP loaned partnership funds to various entities related to BizRadio and the Receivership Entities. This was in violation of the WBP partnership agreement.

6. Wallace and Bajjali own, control, and/or otherwise are affiliated with over 21 partnerships including but not limited to Wallace Bajjali Development Partners ("WBDP"), Wallace Bajjali Investment Fund II, L.P. ("WB Fund II"), West Houston WB Realty Fund, L.P. ("W. Houston Fund"), LFW Economic Opportunity Fund, L.P. ("LFW Fund"), and Spring Cypress Investments, L.P. ("Spring Cypress") .

7. On November 13, 2009, the Securities and Exchange Commission (the "Commission") commenced the enforcement action SECURITIES AND EXCHANGE COMMISSION v. ALBERT FASE KALETA AND KALETA CAPITAL MANAGEMENT, INC., DEFENDANTS, AND BUSINESSRADIO NETWORK, L.P. d/b/a BIZRADIO AND DANIEL FRISHBERG FINANCIAL SERVICES, INC. d/b/a/ DFFS CAPITAL MANAGEMENT, INC., RELIEF DEFENDANTS, SOLELY FOR THE PURPOSES OF EQUITABLE RELIEF, Civil Action No.4:09-cv-03674, in the United States District Court for the Southern District of Texas, Houston Division (the "Enforcement Action"), alleging violation of & 17(a) of the Securities Act of 1933 (the "Securities Act") {15 U.S.C. & 77q(a)}, of & 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Commission rule 10b-5 promulgated thereunder {15 U.S.C. & 78j(b); 17 C.F.R. & 240.10b-5}, and & 206 of the Investment Advisors Act of 1940 (the "Advisors Act") {15 U.S.C. & 80b-6} (collectively, the "Antifraud Provisions"). On December 2, 2009 the district court appointed Thomas L. Taylor III ("Receiver"), as Receiver over all property, assets, and records of Kaleta Capital Management, and all entities owned or controlled by it.

8. Additionally on December 2, 2009, KCM and Albert Fase Kaleta ("Kaleta"), were determined by the district court to have violated the Antifraud Provisions in connection with their sale of KCM securities to the public. The district court entered permanent injunctions as to Kaleta against future violations of the Antifraud Provisions, and later ordered civil penalties and barred Kaleta from association with any investment adviser.

9. On or about July 2010, the Receiver began negotiations with Wallace and various WBP entities concerning the loans and related promissory-note securities. The Receiver raised the issues of breach of fiduciary duties to the Receivership entities and limited partners by their officers, directors and general partners including Wallace. Additionally the Receiver identified the fraudulent scheme carried out by Wallace and others to transfer investor funds from the Wallace Bajjali partnership to the Receivership Entities.

10. After investigating the actions of BizRadio and WBP entities in relation to the loans and promissory-note securities, on or about May 25, 2011, The Commission subsequently filed an additional enforcement action against Messrs Wallace and Bajjalli, SEC v. Wallace et al., No. 4:11-cv-01932, in the United States District Court for the Southern District of Texas, Houston Division. ("Wallace SEC Action"). The district court in this action ultimately entered Agreed Final Judgments against Wallace and Bajjali individually, permanently enjoining each from future violations of Section 17(a) of the Securities Act of 1933 and imposing on each a civil penalty of $60,000.00.

11. None of the BizRadio notes have been re-paid to investors and the note holders now hold claims against the Receivership Estate for these amounts.
12. After months of negotiation with the Receiver on September 12, 2011, Wallace executed a settlement and release concerning the money that was loaned to the BizRadio entities. Subsequently, the district court approved the compromise settlement and release agreement ("Settlement"), among the Receiver and the Wallace Bajjali parties, including Messrs., Wallace and Bajjali. The Settlement required three WBP entities, W. Houston Fund, LFW Fund and Spring Cypress to execute replacement promissory notes totaling approximately $879,176.35, reaffirming existing debts. Wallace and Bajjali guaranteed the full amount of each replacement note. Additionally, Wallace and Bajjali issued and personally guaranteed a "Cash Flow Note" to the Receiver for an expected payment of $300,000 to $450,000 based on the "dedicated cash flow" from the WBP entities development project in Amarillo, Texas ("Amarillo Project"). Payments on the settlement, after the granting of an extension, were to be completed by December 31, 2014.
13. Plaintiff has knowledge and belief that one or more of the WBP entities received a six figure payment from the Amarillo Project on or before February 2012. The City of Amarillo terminated the WBP developer agreement declaring the firm in default of its contract and severed all ties.
14. Plaintiff has knowledge and belief that one or more of the WBP entities received approximately 1.68 million dollars from the city of Joplin. The City of Joplin fired Wallace Bajjali as master developer in late January 2015, and accused the firm of "gross negligence, fraud and willful misconduct".
15. The City of Waco in 2014 terminated Wallace Bajjali as master developer after the WBP entities failed to develop the remainder of the blocks in front of City Hall.
16. Under filings in Wallace's Statement of Financial Affairs in this Honorable Court, Wallace disclosed that he received from January 2013 to present approximately $566,403.59 in salary, bonuses, dividends, settlement funds, and deferred compensation.
17. Additionally, on May 5, 2015, during the meeting of creditors, Wallace admitted under oath that during calendar year 2014 from salary, commissions, conversions of loans, and others forms of borrowing and/or compensation, Wallace had received approximately $1,000,000. Additionally, Wallace admitted he has never made any payments on any of the defaulted partnership loans in which he had personally guaranteed.
18. Wallace failed to make any payments to the Receiver required under the Settlement agreement. After giving Wallace two letters of notice of default on January 5 and 14, 2015, the Receiver in late January filed a lawsuit alleging there had been a breach of the settlement agreement.
19. Wallace is the defendant in numerous lawsuits including but not limited to the following: Ronald Ellisor, et.at. (investor litigation-Harris C.); Frost National Bank (breach of contract and personal guarantee-Harris C.); Thomas L. Taylor, Receiver (breach of contract, guaranty agreements-U.S. District ct Houston); Charles Clements (Breach of Contract-Travis C.); Christine Bryant (Breach of Contract, Fraud-Jasper C.); Bruce Anderson (Breach of Contract-Jasper C.),; TR Dunn Family Trust (Fraud and Breach of Contract); Plains State Bank (Breach

of Contract, Personal Guarantee-Ft Bend C.); W. C. Perry Properties (Fraud, breach of Contract, Breach of Fiduciary Duty-Ft. Bend C.); One Sugar Lake Professional Center Partners (Breach of Contract, Personal Guarantee-Ft Bend C.); Ethelyn Taylor, Robert Taylor, deceased (Fraud-Ft Bend C.) ; James Bonnett (Breach of Contract-McLennan C.); and Lowery Bank(Breach of Contract, Personal Guarantee-Ft Bend C.).

20. Wallace was an owner, trustee of owner, partner, register agent, control person, general partner, executive, or principle in the following bankruptcies: 20 investment partnerships including but not limited to Porter Development Partners, WB Murphy Road Development, Creekmont Plaza Partners LP, Creekmont Plaza Partners GP, Replacement Santuary Gp, WB Sanctuary GP, WB Chancel GP, WB 2610 LLC, Meadow Crest Developers GP, Morton & Porter LP, Morton & Porter GP, Riata West Investment LLC, Lakecrest Village Investments LLC, WM Real Estate Holdings LLC, US Public-Private Real Estate Fund I LP, Wallace Bajjali Investment Fund II LP, West Houston WB Realty Fund LP, WBIF GP LLC, WS Substitute GP LLC, and PPP Management LLC (all cases consolidated under U.S. Bankruptcy Court district of Southern District of Texas, No. 15-31305); Wallace Bajjali's SWB Waco River Square in Chapter 11 bankruptcy protection since 2013 after defaulting on a bank loan; and WBP Heritage Quarters student housing complex temporarily entered bankruptcy in 2011 and was seized in a foreclosure sale in spring 2014.

21. Wallace filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on March 24, 2015 (the "Petition Date") thereby commencing the present proceeding. All legal action involving Wallace is currently subject to the automatic stay arising from Wallace's filing to the voluntary petition.

## CAUSES OF ACTION

22. Under the Bankruptcy Code, not every debtor is afforded a fresh start—only the honest and unfortunate debtor. Grogan v. Garner, 498 U.S. 279, 287, (1991). The Bankruptcy Code accepts certain debts from discharge in section 523(a) of the Bankruptcy Code.

    **A. Exception to Discharge Under Bankruptcy Code Section 523(a)(2)(A) for Debts Obtained by False Pretenses, False Representations and/or Actual Fraud**

23. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 22 hereinabove.

24. Section 523 (a)(2)(A) of the Bankruptcy Code creates a rule of nondischargeability for any debt for the money to the extent it was obtained "by false pretenses, a false representation, or actual fraud." 11 U.S.C. & 523(a)(2)(A).

25. The purpose of accepting debts from discharge caused by false representations, false pretenses, or actual fraud is to prevent debtors from retaining the benefits of property obtained by fraudulent means and to ensure that the relief intended for honest debtors does not benefit dishonest debtors. Consequently, debts resulting from money or property that has been obtained by false pretenses, false representations or by means of actual fraud are not dischargeable. In re Cunningham, 163 B.R. 657, 660 (Bankr. D. Mass. 1994).

26. The funds raised by Wallace and others through KCM and BizRadio were obtained by and through the fraudulent scheme alleged against Wallace and others by the Commission in the Enforcement Action, the Wallace SEC Action, and by the Receiver in the his collection action.

27. The Receiver brought his action on behalf of the limited partners of Wallace and other Wallace and BizRadio entities for the breach of fiduciary duties to those entities and limited partners by their officers, directors and general partner (including Wallace), and on behalf of the investors defrauded through the fraudulent scheme carried out by Kaleta, Wallace and others for any transfer of investor funds from the Wallace and Receivership entities to Kaleta (and others) in violation of Tex. Bus. & Comm. Code & 24.001, et.seq. ("TUFTA")
28. Wallace is liable to Plaintiff for those transfers of investor funds from Wallace and the Wallace entities to KCM and the BizRadio entities. Plaintiff has a claim against Wallace as a creditor in the Receivership Estate, as an investor in the Wallace Bajjali Investment Fund II, LP ("WB Fund II"), and some if not all Wallace entities through the ownership directly or indirectly of the entities by WB Fund II, to the extent of this liability, including for cost and reasonable attorney's fees pursuant to TUFTA & 24.013.
29. Accordingly, Plaintiff is entitled to have the indebtedness owed by Wallace exempted from Wallace's chapter 7 bankruptcy discharge.
    **B. Exception to Discharge Under Bankruptcy Code Section 523 (a)(4) for Debts for Fraud or Defalcation While Acting in a Fiduciary Capacity**
30. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 22 hereinabove.
31. Section 523(a)(4) of the Bankruptcy Code creates a rule of nondischargeability for any debt "for fraud or defalcation while acting in a fiduciary capacity." 11 U.S.C. & 523(a)(4).
32. Wallace was general partner in WB Fund II, and a general partner, officer, executive, owner, trustee of the owner, register agent, limited partner, and/or director, either directly or indirectly, of WBP entities or partnerships, and under Texas law was a fiduciary to these entities and partnerships.
33. The Texas Supreme Court has held that partners owe fiduciary duties to one another. Johnson v. Brewer & Pritchad, P.C. 73 S.W.3d 193, 199 (Tex. 2002) (citing Bohatch v. Butler & Binion, 977 S.W. 2d 543, 545 (Tex. 1998)). Partners also owe a fiduciary duty to the partnership. See Frazier v. Havens, 102 S.W. 3d 406, 414 (Tex. App. –Houston{14$^{th}$ Dist.} 2003, no pet.). A fiduciary's duties encompass a duty of good faith and fair dealing and he must place the interests of the other party ahead of his own. Abetter Trucking Co. v. Arizpe, 113 S.W.3d 503, 508 (Tex.App-Houston{1$^{st}$ Dist.} 2003, no pet.) "Texas courts have long held that 'it is axiomatic that a managing partner in a general partnership, owes his co-partners the highest fiduciary duty recognized in the law.'" McBeth v. Carpenter, 565 F.3d 171, 177(5th Cir. 2009)(quoting Crenshaw v. Swenson, 611 S.W.2d 886, 890 (Tex.Civ.App.-Austin 1980, writ ref'd n.r.e.)).
34. Wallace, while acting in a fiduciary capacity, perpetrated with others the fraudulent scheme alleged by the Commission in the Enforcement Action and the Wallace SEC Action, and the Receiver settlement action. Through both this fraudulent scheme and the fraudulent transfers alleged hereinabove, Wallace caused harm to the partnership investors and/or conferred benefits on himself at their expense in breach of the fiduciary duties he owed. The harm caused by, and benefits conferred on, Wallace include the use of investor funds for payments of compensation and personal expenses.

35. Wallace is liable to Plaintiff for the damages caused to the investors and partners of the Wallace entities through Wallace's defalcation of their assets while acting as a fiduciary to the Entities.
36. Accordingly, Plaintiff is entitled to have the indebtedness owed by Wallace exempted from Wallace's chapter 7 bankruptcy discharge.
   C. **Exception to Discharge Under Bankruptcy Code Section 523(a)(6) for Debts for Willful and Malicious Injury by the Debtor to Another of Its Property**
37. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 22 hereinabove.
38. Section 523(a)(6) of the Bankruptcy Code creates rule of nondischargeability for any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. &523(a)(6).
39. The Fifth Circuit has held that "an injury is willful and malicious where there is either an <u>objective substantial certainty</u> of harm or a <u>subjective motive</u> to cause harm." Shcolnik v. Rapid Settlements Ltd. (In re Shcolnik), 670 F.3d 624 (5th Cir. 2012) (citing In re Miller, 156 F. 3d 598, 606 (5th Cir. 1998); In re Williams, 337 F. 3d 504, 508-09 (5th Cir. 2003)) (emphasis added) (internal citations omitted).
40. The fraudulent scheme perpetrated by Wallace and others as alleged by the Commission in the Enforcement Action, the Wallace SEC Action, and the Receiver Settlement created "an objective substantial certainty of harm" to the Wallace entities and the defrauded investors who now hold claims against the Receivership Estate.
41. Through the perpetration of the scheme Wallace has demonstrated "a subjective motive to cause harm" to the WBP Entities and Wallace investors, namely because (1) BizRadio was run by Kaleta and others as a "Loss Leader" for DFFS, and (2) BizRadio and DFFS were supported financially with funds raised through WBP Entities and Wallace, as an insider to all Receivership Entities, knew that the WBP Entities were not likely to receive repayment of those transfers to BizRadio and DFFS.
42. Wallace is liable to Plaintiff for the damages caused to the investors and partners of the Wallace entities by the alleged fraudulent scheme, his active participation of fraudulent transfers from the WBP Entities and any benefit conferred on him through his conduct.
43. Accordingly, Plaintiff is entitled to have the indebtedness owed by Wallace exempted from Wallace's chapter 7 bankruptcy discharge.

## CONCLUSION AND PRAYER

Plaintiffs respectfully request that the Court:

(a) Determine that Wallace's debt to Plaintiff is not dischargeable pursuant to 11 U.S.C. &523;
(b) Award Plaintiffs reasonable attorney's fees, expenses, and costs related to bringing this adversary proceeding;
(c) Award Plaintiffs pre-judgment interest and post-judgment interest, at the highest rate allowed by law;

(d) Award punitive damages, and special damages from the egregious conduct and the actions of the defendant and the premeditated intent to not pay any claim or make partial payment of any of his personal guarantees or settlements with the Receiver, the Commission, or the Investors although having the assets, the ability and the opportunity to do so.

(e) Grant Plaintiffs such other and further relief, whether in law or in equity, to which he may be justly entitled.

Date: August 17, 2015

Respectfully submitted,

By: _____
Wayne English, pro se
4849 Bluecap Court
Mesquite, Texas 75181
Tel:    214-460-4975 (Fax 972-222-4285)
Waynemenglish@aol.com

_____
James D. Colling
1105 Essex Ct
Seabrook, Texas 77586
Tel:    281-309-1233
J.David.Colling@gmail.com

### Certificate of Service

On August 18, 2015, I submitted the forgoing documents with the Clerk of Court for the U.S. Bankruptcy Court, Southern District of Texas.

We hereby certify we have provided copies to all council of record electronically or another manner authorized of federal rules of civil procedure.

_____
Wayne M. English

_____
James D. Colling