IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| DAVID G. WALLACE JR. | § | Case No. 15-31594-H4-7 |
|     Debtor. | § | |
| | § | Chapter 7 |
| | § | |
| WAYNE M. ENGLISH and | § | |
| JAMES D. COLLING | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | Adversary No. 15-03209 |
| | § | |
| DAVID G. WALLACE JR. | § | |
|     Defendant. | § | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' ORIGINAL COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523**

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, David G. Wallace, Jr. ("*Wallace*") and files his *Motion to Dismiss Plaintiffs' Original Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523* pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6)[1](the "*Motion to Dismiss*"), and shows:

### SUMMARY

1.  On August 20, 2015, the Plaintiffs, Wayne M. English and James D. Colling (the "*Plaintiffs*") filed this lawsuit against David G. Wallace, Jr. seeking an exception to discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6).

---

[1] Made applicable pursuant to Federal Rules of Bankruptcy Procedure 7012(b).

2937306

2. Wallace moves to dismiss Plaintiffs' Complaint (defined below) for (i) lack of personal jurisdiction, (ii) insufficient process, (iii) insufficient service of process, and (ii) alternatively, failure to state a claim upon which relief may be granted.

3. The Plaintiffs' attempt to effectuate service upon Wallace is improper. Plaintiffs failed to effectuate service under Federal Rule of Bankruptcy Procedure 7004 by serving Wallace's bankruptcy counsel.

4. For this reason, Wallace moves to dismiss Plaintiffs' Complaint for (i) lack of personal jurisdiction, (ii) insufficient process, (iii) insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(2), (4) and (5).

5. Alternatively, Wallace seeks dismissal of all of the 11 U.S.C. § 523 claims for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs fail to satisfy the applicable pleadings standards under Federal Rules of Civil Procedure 8(a) and 9(b).

6. For the above reasons, dismissal of Plaintiffs' Complaint against Wallace is proper.

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *The Bankruptcy Case*

7. On March 24, 2015, Wallace filed a voluntary Chapter 7 petition in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

### B. *Allegations of the Complaint*

8. On August 20, 2015, Plaintiffs filed their Original Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523 (the "***Complaint***") commencing this adversary proceeding (the "***Adversary Proceeding***"). The Complaint purports to assert claims

against Wallace seeking an exception to discharge pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (a)(6).

### C. Plaintiffs' Purported Attempt to Serve Wallace

9. On September 3, 2015, the Clerk of the Bankruptcy Court issued a summons on Wallace. [Main Case Docket No. 134].[2]

10. On September 21, 2015, a purported certificate of service was filed in the Adversary Proceeding. [Docket No. 5]. Pursuant to the purported certificate of service, a Robert Pullian declares that on September 4, 2015, he served a copy of the summons and complaint Janet S. Casciato-Northrup. Janet S. Casciato-Northrup is Wallace's main case bankruptcy counsel.

11. A copy of the purported certificate of service is attached hereto as **Exhibit 1**.

12. The docket in the Adversary Proceeding contains no other representations regarding service.

### Insufficient Process and Service of Process

13. The Complaint should be dismissed for insufficient process and insufficient service of process under Federal Rule of Civil Procedure 12(b)(4) and (5).

### A. Standard for Motion to Dismiss for Insufficient Service.

14. When service of process is challenged, the serving party bears the burden of proving that service was valid. *Systems Signs Supplies v. United States Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). The district court's decision is reviewed only for abuse of discretion, and a district court has broad discretion to dismiss an action for ineffective service of process. *Kreimerman v. Casa Veerkamp S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994); *A.V.*

---

[2] For reasons unbeknownst to Wallace, the Bankruptcy Clerk issued the summons in the main bankruptcy case and not in the Adversary Proceeding.

*Diamonds, Inc. v. Gold Star Jewellery, LLC*, No. H-09-719, 2009 WL 2706957, at *1 (S.D. Tex. Aug. 27, 2009).

15. There must be substantial compliance with the manner of service required in Rule 4. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir.). Challenges to the manner of service are interpreted strictly. A liberal construction of Rule 4 "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be had." *Mid-Continent Products, Inc. v. Harris*, 936 F.2d 297, 300 (7th Cir. 1991).

16. A federal court can not exercise personal jurisdiction over a defendant unless the procedural requirement of service of summons is satisfied. *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 103, 108 S.Ct. 404, 409 (1987); *Adams v. Allied Signal Gen. Aviation Avionics*, 74 F.3d 882, 885-86 (8th Cir. 1996); *Swain v. Moltan Co.*, 73 F.3d 711, 719 (7th Cir. 1986); See also *Bolden v. Greenpoint Mortgage Funding, Inc.*, 2004 WL 2297086 at *5 (N.D. Tex. 2004) (not reported). When process is defective or insufficient and service of process is insufficient, the court may dismiss the suit or quash the service of process. *Adams v. Allied Signal Gen. Aviation Avionics* at 886.

### B. *Service on Attorney is Improper*

17. Service on the Chapter 7 bankruptcy attorney for Wallace is improper.

18. Federal Rule of Bankruptcy Procedure 7004 and Federal Rule of Civil Procedure 4 set forth the processes available for a plaintiff to serve a summons in a judicial district of the United States. Federal Rule of Bankruptcy Procedure 7004 permits service by mail. However, Rule 7004 does not permit service on a Debtor's attorney as being sufficient to satisfy due process requirements. *See In re Cole*, 142 B.R. 140, 143 (Bankr. N.D. Tex. 1992). "Service on the Debtor's attorney is insufficient to require the Debtor to answer and defend." *Id.*

19. The Plaintiffs are not authorized to serve the Debtor's bankruptcy counsel. Moreover, authorizing service on counsel would effectively trivialize the service requirements set forth in the Federal Rules of Civil Procedure Rule and would chill a defendant from asserting his rights under Federal Rule of Civil Procedure 12(b)(4) and 12(b)(5) for fear of having those same rules used as a trap. Finally, bankruptcy counsel for Wallace has not been authorized to accept service on Wallace in this Adversary Proceeding.

20. Because the Complaint was not properly served, dismissal of the Complaint for lack of personal jurisdiction, insufficient process, and insufficient service of process under Federal Rule of Civil Procedure 12(b)(2), (4) and (5) is proper.

## Failure to State a Claim Upon Which Relief Can be Granted

21. Alternatively, Plaintiffs fail to allege any facts sufficient to satisfy the Rule 9(b) pleading requirements for their alleged claims under 11 U.S.C. §§ 523(a)(2)(A) or (a)(4); nor do Plaintiffs plead sufficient facts to satisfy the Rule 8(a) pleading requirements necessary for their alleged 11 U.S.C. § 523(a)(6) claim.

1. **Applicable Pleading Standard**

    A. **Pleadings**

22. Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of an action for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). A claim may be dismissed either because it asserts a legal theory that is not cognizable as a matter of law, or because it fails to lend sufficient facts to support a cognizable legal claim. *See, e.g., SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir.). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and into the "realm of plausible liability." *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555, 557 n.5 (2007); see also *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).

23. In *Twombly*, the Supreme Court recognized that Rule 12(b)(6) must be read in conjunction with Rule 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555; *see* FED. R. CIV. P. 8(a)(2). Although a plaintiff is not required to include "detailed factual allegations" in a complaint, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Id.* at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Rule 8…demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Thus, a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor may a complaint merely offer "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

24. Rather, to overcome a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has "factual plausibility" when the plaintiff pleads *factual* content that allows the court to draw the reasonable inference that a defendant acted unlawfully and requires "more than the sheer possibility that a defendant has acted unlawfully." *Id.* When the pleaded facts "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

25. In assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion, the Supreme Court in *Iqbal* established a two-step approach. First, a court should identify and disregard conclusory allegations in the complaint because they are "not entitled to

the assumption of truth." *Id.* Second, a court should consider the well-pleaded factual allegations in the complaint to "determine whether they plausibly give rise to an entitlement to relief." *Id.*

26. The Plaintiffs have failed to meet their Rule 8(a) burden.

**B.  Heightened Pleading Requirement Under Rule 9(b)**

24. Federal Rule of Civil Procedure 9(b)[3] states in pertinent part:

> (b) Fraud or Mistake; Conditions of Mind. In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.

25. Rule 9(b)'s application is flexible and is influenced by the circumstances of each case. *Am. Realty Trust, Inc. v. Hamilton Lane Advisors, Inc.*, 115 Fed. Appx, 662, 667 (5th Cir. 2004). Rule 9(b) serves several purposes, including (i) protecting a defendant's reputation from the harm that general, unsubstantiated fraud accusations cause, (ii) preventing a claimant from searching for a valid claim after filing suit, and (iii) informing a defendant of the act of which the plaintiff complains, thereby enabling him to prepare an effective response and defense. *Richarson v. Am. Home Shield of Tex., Inc.*, 2006 WL 903721, *2 (S.D. Tex. 2006 Apr. 7, 2006).

26. Under FED. R. CIV. P. 9(b), fraud claims must be alleged with particularity concerning the circumstances of the fraud. FED. R. CIV. P. 9(b); *Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 195 (5th Cir. 1996) (upholding dismissal of fraud claims where the plaintiff failed to allege when an allegedly fraudulent sales charge was incurred or the extent of her damages). "To plead fraud adequately, the plaintiff must specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 551 (5th Cir.

---

[3]  Made applicable to this proceeding pursuant to FED. R. BANKR. P. 7009.

2010). "Rule 9(b) requires at a minimum, that a plaintiff set forth the who, what, when, where, and how of the alleged fraud." *U.S. ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010).

27. Allegations of fraud based on information and belief are improper. *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992). Rule 11 imposes a duty to reasonably inquire before filing a complaint, which is not satisfied by rumor or hunch. *Id.* The plaintiff has a duty to plead the circumstances constituting fraud with particularity. *Id.* If a plaintiff pleads Rule 9(b) grounds "based on information and belief" the facts must be inaccessible to the plaintiff and he must give the grounds on which he basis his suspicions. *Id.*

28. The Plaintiffs have failed to meet the heightened Rule 9(b) burden.

29. As set forth below, Plaintiffs fail to allege any facts sufficient to satisfy the Rule 9(b) pleading requirements for their alleged claims under 11 U.S.C. §§ 523(a)(2)(A) or (a)(4); nor are they able to satisfy the Rule 8(a) pleading requirements necessary for their alleged 11 U.S.C. § 523(a)(6) claim. For these reasons, dismissal of Plaintiffs' Complaint is proper.

**2.    Argument & Authorities**

    *A.    Plaintiffs fail to satisfy the Rule 9(b) for their claims under 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(4).*

30. The Plaintiffs fail to plead any facts in the Complaint sufficient to meet the Rule 9(b) standard.

31. "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Federal Rule of Civil Procedure requires the "'who, what, when, where and how' to be laid out." *Shandong Yinguang Chem. Indus. Joint Stock Co. v. Potter*, 607 F.3d 1029, 1032 (5th Cir. 2010) (quoting *Benchmark Electronics, Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003)).

32. There are three public policy purposes behind Rule 9(b). First, to ensure that allegations are specific enough to inform defendant of the act the plaintiff complains of and enable him to prepare an effective response and defense. Second, to eliminate complaints filed as a pretext for discovery of unknown wrongs. Third, to protect defendants from unfounded charges of wrongdoing which put into question their reputations and goodwill. *Jag Media Holdings, Inc. v. A.G. Edwards & Sons, Inc.*, 387 F.Supp.2d 691, 704 (S.D. Tex. 2004).

33. Allegations of fraud based on information and belief are usually improper pleadings. *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683 (7th Cir. 1992). Formerly, plaintiffs could comply with Rule 9(b) by pleading "based on information and belief statements" if the plaintiff (i) did not have access to the facts; and (ii) gives grounds for his suspicions. *Id.* at 684. Now, Rule 11 imposes an affirmative duty to reasonably inquire before filing a complaint, which a rumor or hunch does not satisfy. *Id.* at 683. Courts should exercise caution in reviewing these pleadings to prevent a plaintiff from pleading out of mere speculation and pleading conclusory allegations. *Id.*

34. The Fifth Circuit interprets Rule 9(b) strictly. *Airport Blvd. Apartments v. NE 40 Partners, Ltd. P'ship (In re NE 40 Partners, Ltd. P'ship)*, 440 B.R. 124, 127-29 (Bankr. S.D. Tex. 2010). Rule 9(b)'s heightened pleading standard applies to any claim grounded in fraud, including breach of fiduciary duty. *Airport Blvd. Apartments v. NE 40 Partners, Ltd. P'ship (In re NE 40 Partners, Ltd. P'ship)*, 411 B.R. 352, 362 (Bankr. S.D. Tex. 2009).

35. Rule 9(b) applies to fraud claims brought under 11 U.S.C. § 523. *See In re Saenz*, 515 B.R. 521 (Bankr. S.D. Tex. 2014). "Sections 523(a)(2)(A) and (a)(4) both explicitly include the word 'fraud,' and therefore, these claims clearly are subject to Rule 9(b)." *In re Kilroy*, 354 B.R. 476, 488 (Bankr. S.D. Tex. 2006).

36.     Plaintiffs' Complaint fails to meet even the relaxed Rule 8(a)(2) standard and clearly falls short of the heightened Rule 9(b) standard. Plaintiffs fail to plead any facts showing that they are entitled to the relief they seek. Plaintiffs fail to allege any of the "'who, what, when, where and how'" necessary to meet the Rule 9(b) standard. Plaintiffs fail to plead any facts supporting their allegation of fraud. No facts are pled identifying (i) any representations made, (ii) who made them, (iii) when and where such representations were made, (iv) to whom such representations were purportedly made, and (v) why those representations were fraudulent. Plaintiffs fail to make any allegations that Wallace obtained money, property or services, or an extension, renewal or refinancing of credit from them by false pretenses, a false representation or actual fraud. Further, Plaintiffs fail to make any allegations that the Debtor obtained money, property or services, or an extension, renewal or refinancing of credit from them for fraud or defalcation while acting in a fiduciary capacity.

37.     Because Plaintiffs fail to plead allegations related to their alleged Sections 523(a)(2)(A) and (a)(4) claims with specificity, as required under Rule 9(b), dismissal of those claims is proper.

   **B.     *Plaintiffs fail to satisfy the Rule 8(a) pleading requirement for the alleged 11 U.S.C. § 523(a)(6) claim.***

38.     The Plaintiffs fail to plead any facts in the Complaint related to their alleged Sections 523(a)(6) claims sufficient to meet the Rule 8(a) standard.

39.     As set forth above, Rule 8(a)(2) requires a plaintiff to plead a short and plain statement showing that he is entitled to the relief requested. FED. R. CIV. P. 8(a)(2); FED. R. BANKR. P. 7008(a). To meet this rule, the Supreme Court requires well-plead facts such that these facts allow the court "to infer more than the mere possibility of misconduct." *Almazan*,

2011 WL 841349, *2.  Each allegation must be simple, concise, and direct.  FED. R. CIV. P. 8(d)(1); FED. R. BANKR. P. 7008(a).

40. Plaintiffs' Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Iqbal*, 129 S. Ct. at 1949.

41. The Complaint fails this basic tenet. There are not facts alleged that would permit the court "to infer [any] possibility of misconduct" related to the Plaintiffs. Plaintiffs fail to plead any facts supporting their allegation of willful and malicious injury. Plaintiffs fail to make any allegations that Wallace owes them a debt, or that such debt resulted from a purported willful and malicious injury to them. Further, Plaintiffs plead no set of facts to support assertions that they were actual investors or partners in any ventures related to or associated with Wallace.

42. Because Plaintiffs fail to plead allegations related to Sections 523(a)(6) as required under Rule 8(a), dismissal of Plaintiff's Section 523(a)(6) claim is also proper.

43. For the above reasons, dismissal of the Plaintiff's Complaint is proper.

WHEREFORE, for the reasons stated herein, David G. Wallace, Jr. respectfully prays that the Court dismiss the Plaintiffs' Complaint with prejudice and grant him such other and further relief to which it is justly entitled.

Respectfully submitted,

*/s/ Simon Mayer*
Wayne Kitchens    TBN: 11541110
wkitchens@hwa.com
Simon R. Mayer    TBN: 24060243
smayer@hwa.com
HUGHESWATTERSASKANASE, LLP
333 Clay Street, 29th Floor
Houston, Texas 77002-4168
Telephone: 713-759-0818
Facsimile: 713-759-6834
**BANKRUPTCY COUNSEL FOR
DAVID WALLACE**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading was served via the method indicated to the parties listed below on October 5, 2015.

*Via US Mail*
Wayne M. English
4849 Bluecap Court
Mesquite, Texas 75181
**PLAINTIFF (*PRO SE*)**

*Via US Mail*
James D. Colling
1105 Essex Ct.
Seabrook, Texas 77586
**PLAINTIFF (*PRO SE*)**

*/s/ Simon Mayer*
Simon Mayer