IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT

OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | & | Case No. 15-31594 |
| David Gordon Wallace Jr. | & | |
| Debtors. | & | Chapter 7 |
| Wayne M. English, and | & | |
| James D. Colling | & | |
| Plaintiffs, | & | ADV. NO. 15-03209 |
| v. | & | |
| David Gordon Wallace Jr. | & | |
| Defendant. | & | |

United States Courts
Southern District of Texas
FILED
DEC 1 4 2015
David J. Bradley, Clerk of Court

PLAINTIFFS' ANSWER TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED

COMPLAINT TO DISCHAREABILITY OF DEBT PURSUANT TO 11 U.S.C.# 523

-----------------------------------------------------------------

TO THE HONORABLE JEFF BOHM, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Wayne M. English, ("English"), and James D. Colling ("Colling"), (collectively the "Plaintiffs") and files their Answer to Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint to Dischargeability of Debt Pursuant to 11 U.S.C. # 523 and would show the Court the following:

GENERAL DENIAL

1. Plaintiffs' admit for pleading purposes only, to the filing of their Original Adversary Complaint seeking an exception to discharge, the dismissal of the Plaintiffs' Original Complaint and the filing of their First Amended Original Complaint to Dischargeability of Debt Pursuant to 11 U.S.C. # 523 (the "Amended Complaint").
2. Plaintiffs' admit for pleading purposes only, to the Order Approving Settlement and Entering Final Bar Order (the "Bar Order") entered by the Federal District Court in Securities and Exchange Commission v. Albert Fase Kaleta, et al., Civil Action no. 4:09-cv- 03674 (the "SEC Litigation").
3. Plaintiffs' admit that the United States District Court for the Southern District of Texas, Houston, Division, (the "District Court") appointed Thomas L. Taylor III as receiver (the "Receiver") over all

property, assets, and records of Kaleta Capital Management, ("KCM"), and all entities owned or controlled by it.

4. Plaintiffs deny they are Business Radio ("BizRadio") note holders; Plaintiffs deny they admitted they are BusinessRadio Note Holders; and Plaintiffs' deny they are barred by the Bar Order and require strict proof thereof.

## WALLACE SEC ACTION

5. In late 2006, David G. Wallace, Jr. ("Defendant")("Wallace"), and Costa Bajjali ("Bajjali") formed the Wallace Bajjali Investment Fund II, L.P. ("WB Fund"), for real estate acquisition, investment, development, and profit.

6. From November 28, 2006 through December 31, 2007, Wallace offered and sold securities in a real-estate fund he controlled in Houston, Texas, called the Wallace Bajjali Investment Fund II, L.P.  Beginning in 2006, Wallace entered into an agreement with an investment adviser firm in Houston, Texas.  The agreement allowed the adviser firm to recommend to its clients securities investments in the WB Fund, controlled by Wallace.  The Plaintiffs are both investors in the WB Fund and clients of the investment adviser.

7. Wallace reviewed and approved a private-placement memorandum ("PPM") containing information for investors about the WB Fund securities offering.  In the offering, Wallace distributed the PPM to the Plaintiffs personally and through the Investment Adviser.  In the PPM's written disclosures relating to the securities offerings, Wallace represented to Plaintiffs that he would limit the Fund's investment in any one business or project to certain percentages of the money the Funds raised to no more than 33% for the WB Fund.  By May 2007, the WB Fund had received offering proceeds of approximately $16 million and had invested more than $6.5 million of those proceeds in Business Radio Networks, L.P. d/b/a BizRadio ("BizRadio"), a struggling media company.  As a result, more than 40% of the WB Fund's offering proceeds at the time were invested in BizRadio, far exceeding the PPM's 33% limit.

8. Contrary to his written representations, Wallace far exceeded the limits set by the PPM by heavily investing the Fund's money in BizRadio.  As a result, Wallace subjected the Plaintiffs investment to substantially greater investment risk than the Fund's written materials disclosed.

9. On or about May 25, 2011, The Securities and Exchange Commission (the "Commission"), filed an enforcement action against Messrs Wallace and Bajjalli, based on Wallace's transfer of partnership funds from the WB Fund to BizRadio in violation of the partnership agreement . (See SEC v. Wallace et al., No. 4:11-cv-01932, in the United States District Court for the Southern District of Texas, Houston Division.) ("Wallace SEC Action").  The district court in this action ultimately entered Agreed Final Judgments against Wallace and Bajjali individually, permanently enjoining each from future violations of Section 17(a) of the Securities Act of 1933 and imposing on each a civil penalty of $60,000.00.

10. Thomas Taylor was appointed receiver of the Wallace SEC action (11-cv-01932) which was incorporated into the SEC Litigation (09-cv-03674).

11. Both English and Colling are creditors of the Wallace SEC Action.  At no time has either English or Colling made direct investments in any BizRadio Notes.  Additionally, the Plaintiffs' have not

received any documents, 1099's, or distributions of any evidence of their involvement in the BizRadio notes.
12. On or about May 31, 2013, pursuant to a settlement with the receiver and the insurance company for KCM, a distribution was made to the BizRadio Note Holders. The Plaintiffs received no distribution.

## BAR ORDER

13. As stated by the Defendant in his Motion to Dismiss, "On or about September 12, 2011, the receiver filed a motion to approve a proposed settlement of the Receivership Entities' claims against Wallace and other Wallace Bajjali Parties (as defined therein). {09-cv-03674, Dkt No. 113}. As a condition to the proposed settlement, the Receiver sought an order permanently barring any and all Business Radio Note Holders from commencing any action against Wallace or the other Wallace Bajalli Parties."
14. Defendant in his Motion attached a true and correct copy of the Bar Order and stated, "On August 1, 2012, the District Court entered its Order Approving Settlement and Entering Final Bar Order and Injunction (the "Bar Order"). {09-cv-03674, Dkt No. 210}."
15. Finally the Defendant's Motion to Dismiss provided, "The Bar Order permanently enjoined the investors who subscribed to the BusinessRadio Note Plan and/or made loans to BusinessRadio by and through any of the Wallace Bajjali Parties."
16. The Plaintiffs are not BusinessRadio Note Holders, they do not have any claims in the Taylor receivership related to the BizRadio notes, and the Plaintiffs' did not invest funds in any of the BizRadio notes. Rather, the Plaintiffs have claims related to the fraudulent conduct of Wallace in violating the partnership agreement by directly investing in BizRadio in an amount that exceed the limit for any one entity. (See Wallace SEC Action-above)
17. After Wallace failed to pay on personal guarantees, the Receiver filed suit in the District Court, Taylor v Wallace, et al., civil action 4:15-cv-272. Pursuant to this lawsuit, Andrew Goforth, counsel for the Receiver in a status report filing on June 1, 2015, (Dkt. No. 28), stated, "Moreover, the Bar Order does not prohibit parties that have claims that do not relate to the BusinessRadio notes from filing claims in respective bankruptcy cases relating to non-BusinessRadio-note claims, and further because the Bar Order does not prevent such parties from pursuing discharge and dischargeability claims as long as such actions do not relate to the Businessradio notes."
18. The Plaintiffs are not BusinessRadio Note Holders and have no claims in the KCM receivership estate concerning the BizRadio notes.
19. Since the Plaintiffs have no claim related to the BizRadio notes, the Bar Order has no application to preventing the Plaintiffs' adversarial proceeding

## PLAINTIFFS HAVE NOT RECEIVED ANY NOTICE OF THE BAR ORDER

20. Plaintiffs did not receive any communication or actual notice of the Bar Order by personal service or otherwise from the District Court that gave either English or Colling notice of the BizRadio note restriction.   English did not discover the SEC litigation until January 2015, after reading a newspaper article in the Dallas Morning News.
21. Pursuant to that discovery, English contacted the SEC and Timothy McCole the SEC enforcement attorney, Thomas Taylor the receiver, and both bankruptcy trustees and their legal counsel.  Although making several inquires the Plaintiffs never received any written or verbal notice or communication of the Bar Order.  To be enforceable the District Court has to give notice of the Bar Order.
22. "A normal injunctive order entered pursuant to Fed. R. Civ. P. 65 is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise."  SEC v. Wencke, 622 F. 2d 1363, 1371 (9th Cir. 1980).
23. As stated in Liberte Capital Group, LLC, et al., v. Capwill, 462 F3d 543(6th Cir. 2006). "Because the Court's power of injunction in a receivership proceeding arises from its power over the assets in question, non-parties to the underlying litigation may be bound by a blanket stay, so long as the non-parties have notice of the injunction."  See Bien v. Robinson, 208 U.S.423, 427, 28 S.Ct. 379, 52, L.Ed. 556(1980). See also SEC v. Wencke, 622 F. 2d 1363, 1371 (9th Cir. 1980).
24. The injunctive order binds only persons, parties, agents, servants, employees, and attorneys "who receiver actual notice of it by personal service or otherwise." See Fed. R. Civ. P. 65(d)(2), and Wencke, id.
25. Since the Plaintiffs have not received any notice of the Bar Order, the Bar Order has no application to preventing the Plaintiffs' adversarial proceeding.

## POST BANKRUTCY RELIEF

26. Plaintiffs are seeking post bankruptcy relief pursuant to the filing of their adversary suit.
27. The Receiver has not initiated any adversary action or any other post bankruptcy relief.
28. Since the relief requested by the Plaintiffs does not encompass the same financial assets that are within the relief requested by the Receiver and the KCM estate, there is no conflict between the litigated issues.  All relief requested by the Receiver is prior to discharge by the bankruptcy litigation.  The Plaintiffs action is for post bankruptcy relief.
29. Since the financial property of the receivership estate is not overlapping or in conflict with the assets the Plaintiffs are focused on, the Bar Order would not have any purview over the Plaintiffs' action.
30. For the above reasons, denial of Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint is proper.
    WHEREFORE, for the reasons stated herein, Wayne M. English and James D. Colling respectfully prays that the Court Deny the Defendant's Motion to Dismiss and grant them such other and further relief to which it is justly entitled.

Date: December 11, 2015                                        Respectfully submitted,

By: /s/ Wayne English
Wayne English, pro se
4849 Bluecap Court
Mesquite, Texas 75181
Tel:    214-460-4975 (Fax 972-222-4285)
Waynemenglish@aol.com


/s/ James Colling
James D. Colling
1105 Essex Ct.
Seabrook, Texas 77586
Tel: 281-309-1233
J.David.Colling@gmail.com


### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this pleading was served by U. S. Mail to Simon Mayer, Hughes Watters Askanase, LLP., 333 Clay Street, 29th Floor, Houston, Texas 77002-4168


/s/ Wayne English                              /s/James Colling

Wayne English                                  James Colling