IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | |
| **DAVID GORDON WALLACE, JR.** | § | **CASE NO. 15-31594-H4-7** |
| | § | |
| Debtors | § | |
| ———————————————— | § | |
| | § | |
| **WAYNE M. ENGLISH** and | § | |
| **JAMES D. COLLING** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | **ADVERSARY NO. 15-03209** |
| v. | § | |
| | § | |
| **DAVID GORDON WALLACE, JR.** | § | |
| | § | |
| Defendant | § | |

**DEFENDANT'S ANSWER PLAINTIFFS' FIRST AMENDED ORIGINAL COMPLAINT
TO DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523**

Defendant David Gordon Wallace ("***Wallace***") files his *Answer to Plaintiffs' First Amended Original Complaint to Dischargeability of Debt Pursuant to 11 U.S.C. § 523* (the "***Answer***"), and shows:

**ANSWER TO COMPLAINT**

1. The averments in the first sentence of Paragraph 1 are denied. Wallace admits that the Court has jurisdiction over this adversary proceeding pursuant to 11 U.S.C. § 1334. The averments in the second sentence of Paragraph 1 are admitted.

2. The averments in Paragraph 2 are denied.

3. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 3. To the extent a response is required, the averments in Paragraph 3 are denied.

2952818

1

4.     The averments in Paragraph 4 are denied.  Wallace admits that he is an individual debtor in the above-captioned bankruptcy case.

5.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 5.  To the extent a response is required, the averments in Paragraph 5 are denied.

6.     The averments in Paragraph 6 are denied.

7.     The first sentence of Paragraph 7 contains characterizations and vague, general unspecified allegations to which no response is required.  If the first sentence of Paragraph 7 contains allegations which require a response, they are denied.  The averments in the second sentence of Paragraph 7 are denied.

8.     The averments in the first sentence of Paragraph 8 are admitted.  The averments in the second sentence of Paragraph 8 are denied.

9.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 9.  To the extent a response is required, the averments in Paragraph 9 are denied.

10.     The averments in Paragraph 10 are denied.

11.     The averments in the first sentence of Paragraph 11 are admitted.  The averments in the second sentence of Paragraph 11 are denied.  Wallace admits that he paid the full amount due under the *Agreed Final Judgment as to Defendant David Wallace* in SEC v. David Wallace, Case No. 11-cv-01932(ABC) in the United States District Court for the Southern District of Texas, Houston Division.  The averments in the third and fourth sentences of Paragraph 11 are denied.

2952818

12.     The averments in the first and second sentences of Paragraph 12 are denied.  The averments in the third sentence of Paragraph 12 are admitted.

13.     The averments in the first sentence of Paragraph 13 are denied.  The averments in the second sentence of Paragraph 13 are admitted.

14.     The averments in the first sentence of Paragraph 14 are denied.  The averments in the second, third and fourth sentences are denied.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the fifth sentence of Paragraph 14.  To the extent a response is required, the averments in the fifth sentence of Paragraph 14 are denied.  The averments in the sixth sentence of Paragraph 14 are denied.

15.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the first sentence of Paragraph 15.  To the extent a response is required, the averments in the first sentence of Paragraph 15 are denied.  The averments in the second sentence of Paragraph 15 are denied.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the third sentence of Paragraph 15.  To the extent a response is required, the averments in the third sentence of Paragraph 15 are denied.

16.     The averments in Paragraph 16 are denied.

17.     The averments in Paragraph 17 are denied.

18.     The averments in the first sentence of Paragraph 18 are denied.  The second sentence of Paragraph 18 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

19.     The averments in Paragraph 19 are denied.  The cases identified in Paragraph 19 were disclosed to the Plaintiffs' agent and registered investment advisor.

2952818

3

20.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 20.  To the extent a response is required, the averments in Paragraph 20 are denied.

21.     The averments in Paragraph 21 are denied.  The cases identified in Paragraph 21 were disclosed to the Plaintiffs' agent and registered investment advisor.

22.     The averments in Paragraph 22 are denied.

23.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 23.  To the extent a response is required, the averments in Paragraph 23 are denied.

24.     The averments in paragraph 24 are denied.  Wallace admits that the Plaintiffs were investors in the WB Fund.

25.     The averments in the first sentence of Paragraph 25 are denied.  Wallace admits that he reviewed the Private Placement Memorandum.  The averments in the second and third sentences of Paragraph 25 are denied.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the fourth and fifth sentences of Paragraph 25. To the extent a response is required, the averments in the fourth and fifth sentences of Paragraph 25 are denied.

26.     The averments in the first and second sentences of Paragraph 26 are denied. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the third sentence of Paragraph 26.  To the extent a response is required, the averments in the third sentence of Paragraph 26 are denied.

27.     The averments in the first sentence of Paragraph 27 are denied.  The averments in the second sentence of Paragraph 27 are admitted.  Wallace lacks knowledge or information

sufficient to form a belief about the truth of the averments in the third sentence of Paragraph 27. To the extent a response is required, the averments in the third sentence of Paragraph 27 are denied.

28.     The averments in Paragraph 28 are denied.  Wallace admits that the Receiver began negotiations with Wallace.

29.     The averments in the first sentence of Paragraph 29 are denied.  Wallace admits that the Securities and Exchange Commission filed a Complaint against him and Costa Bajjali in May 2011.  The averments in the second sentence of Paragraph 29 are admitted.

30.     The averments in the first sentence of Paragraph 30 are denied.  Wallace admits that a settlement agreement was reached with the Receiver.   The averments in the second sentence of Paragraph 30 are admitted.  The averments in the third sentence of Paragraph 30 are admitted.  The averments in the fourth sentence of Paragraph 30 are denied.  Wallace admits he personally guaranteed the Replacement Notes.  The averments in the fifth sentence of Paragraph 30 are denied.  Wallace admits he personally guaranteed the Cash Flow Note.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the sixth sentence of Paragraph 30.   To the extent a response is required, the averments in the sixth sentence of Paragraph 30 are denied.  The averments in the seventh sentence of Paragraph 30 are denied.

31.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 31.   To the extent a response is required, the averments in Paragraph 31 are denied.

32.     The averments in Paragraph 32 are denied.

2952818

33.     The averments in the first sentence of Paragraph 33 are denied.  The averments in the second sentence of Paragraph 33 are admitted.

34.     The averments in Paragraph 34 are denied.  Wallace admits that no payments were made nor were due under the Cash Flow Note.

35.     The averments in Paragraph 35 are denied.  Wallace asserts that the responses to Questions 1 and 2 in the Statement of Financial Affairs filed at Docket No. 20 were true and correct at the time it was filed.

36.     The averments in Paragraph 36 are denied.  Wallace admits he has not made any payments on the personal guarantees related to the Replacement Notes and the Cash Flow Note.

37.     The averments in the first sentence of Paragraph 37 are admitted.  The averments in the second sentence of Paragraph 37 are denied.  Wallace admits that the Receiver filed a lawsuit related to the settlement agreement.

38.     The averments in the Paragraph 38 are denied.  Wallace asserts that the responses to Question 4 and 2 in the Statement of Financial Affairs filed and the Schedule F at Docket No. 20 were true and correct at the time it was filed.

39.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 39.  To the extent a response is required, the averments in Paragraph 39 are denied.

40.     The averments in Paragraph 40 are denied.

41.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 41.  To the extent a response is required, the averments in Paragraph 41 are denied.

42.     The averments in Paragraph 42 are denied.

2952818

43.     The averments in the first sentence of Paragraph 43 are denied.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the second and third sentences of Paragraph 43.  To the extent a response is required, the averments in the second and third sentences of Paragraph 43 are denied.

44.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the first and second sentences of Paragraph 44.  To the extent a response is required, the averments in the first and second sentences of Paragraph 44 are denied.  The averments in the third sentence of Paragraph 44 are denied.

45.     The averments in the first and second sentences of Paragraph 45 are denied.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the third sentence of Paragraph 45.  To the extent a response is required, the averments in the third sentence of Paragraph 45 are denied.  The averments in the fourth sentence of Paragraph 45 are denied.

46.     The averments in the first sentence of Paragraph 46 are admitted.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the second sentence of Paragraph 46.  To the extent a response is required, the averments in the second sentence of Paragraph 46 are denied.

47.     The averments in the first and second sentences of Paragraph 47 are denied.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the third, fourth and fifth sentences of Paragraph 47.  To the extent a response is required, the averments in the third, fourth and fifth sentences of Paragraph 47 are denied.  The averments in the sixth sentence of Paragraph 47 are admitted.  The averments in the seventh sentence of Paragraph 47 are denied.

2952818

Case 15-03209   Document 26   Filed in TXSB on 01/08/16   Page 8 of 19

48.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 48.  To the extent a response is required, the averments in Paragraph 48 are denied.

49.     The averments in Paragraph 49 are denied.

50.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 50.  To the extent a response is required, the averments in Paragraph 50 are denied.  Wallace admits that there was involved in a lawsuit with Mark Thatcher.

51.     The averments in the first sentence of Paragraph 51 are denied.  Wallace admits that there were allegations.  The averments in the second sentence of Paragraph 51 are denied.  Wallace admits that he was involved in several lawsuits in which Will Perry was involved.

52.     The averments in the first sentence of Paragraph 52 are denied.  The averments in the second sentence of Paragraph 52 are deny.  The averments in the third, fourth and fifth sentences of Paragraph 52 are denied.  Wallace admits that both Morton and Creekmont filed bankruptcy.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the sixth and seventh sentences of Paragraph 52.  To the extent a response is required, the averments in the sixth and seventh sentences of Paragraph 52 are denied.

53.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 53.  To the extent a response is required, the averments in Paragraph 53 are denied.

54.     The averments in Paragraph 54 are denied.  Wallace admits that the Plaintiffs have not received any distributions from the WB Fund.

2952818

55.     The averments in Paragraph 55 are denied.  Wallace admits that the Plaintiffs have not received any compensation from the WB Fund.

56.     The averments in Paragraph 56 are denied.  The Ronald Ellisor, Thomas L. Taylor, James Bonnett, and Frost National Bank cases were discussed at various investor meetings.  The Charles Clements, Christine Bryan, Bruce Anderson and Lowery bank cases were filed after Wallace resigned from Wallace Bajjali.  The Plains State Bank, WC Perry Properties and One Sugar Lakes Professional Center Partners cases were disclosed to the Plaintiffs' agent and registered investment advisor.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments regarding the TR Dunn Family Trust case and the Ethelyn Taylor, Robert Taylor, deceased case referenced in Paragraph 56.  To the extent a response is required, the averments are denied.

57.     The averments in Paragraph 57 are denied.

58.     The averments in Paragraph 58 are denied.

59.     The averments in Paragraph 59 are denied.

60.     The averments in Paragraph 60 are denied.

61.     The averments in Paragraph 61 are denied.

62.     The averments in Paragraph 62 are admitted.  Wallace admits that at the time the City of Joplin terminated Wallace Bajjali as master developer, Wallace had resigned his position at the firm.

63.     The averments in the first, second and third sentences of Paragraph 63 are denied.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the fourth sentence of Paragraph 63.  To the extent a response is required, the averments in the fourth sentence of Paragraph 63 are denied.  The fifth sentence of Paragraph 63

2952818

is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

64.     The averments in Paragraph 64 are denied.

65.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 65.  To the extent a response is required, the averments in Paragraph 65 are denied.

66.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 66.  To the extent a response is required, the averments in Paragraph 66 are denied.

67.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the first sentence of Paragraph 67.  To the extent a response is required, the averments in the first sentence of Paragraph 67 are denied.  The averments in the second, third and fourth sentences of Paragraph 67 are denied.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the fifth sentence of Paragraph 67. To the extent a response is required, the averments in the fifth sentence of Paragraph 67 are denied.

68.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 68.  To the extent a response is required, the averments in Paragraph 68 are denied.

69.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 69.  To the extent a response is required, the averments in Paragraph 69 are denied.

70.     The averments in the first and second sentences of Paragraph 70 are denied. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the third sentence of Paragraph 70.  To the extent a response is required, the averments in the third sentence of Paragraph 70 are denied.  The averments in the fourth sentence of Paragraph 70 are denied.

71.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the first sentence of Paragraph 71.  To the extent a response is required, the averments in the first sentence of Paragraph 71 are denied.  The averments in the second and third sentences of Paragraph 71 are denied.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the fourth and fifth sentences of Paragraph 71.  To the extent a response is required, the averments in the fourth and fifth sentences of Paragraph 71 are denied.  The averments in the sixth sentence of Paragraph 71 are denied. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the seventh sentence of Paragraph 71.  To the extent a response is required, the averments in the seventh sentence of Paragraph 71 are denied.  The eighth sentence of Paragraph 71 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.  The averments in the ninth sentence of Paragraph 71 are denied.

72.     The first sentence of Paragraph 72 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.  The averments in the second sentence of Paragraph 72 are denied.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the third and fourth

sentences of Paragraph 72.  To the extent a response is required, the averments in the third and fourth sentences of Paragraph 72 are denied.

73.     The averments in the first sentence of Paragraph 73 are denied.  Wallace admits that he did file a petition for relief under Chapter 7 of Title 11 of the United States Code on March 24, 2015.  The second sentence of Paragraph 73 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

74.     Paragraph 74 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

75.     To the extent that Paragraph 75 attempts to incorporate other paragraphs contained in the Amended Complaint, Wallace re-alleges and incorporates his responses to each of the incorporated paragraphs.  Any averments in Paragraph 75 are denied.

76.     Paragraph 76 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

77.     Paragraph 77 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

78.     The averments in Paragraph 78 are denied.

79.     The averments in the first and second sentences of Paragraph 79 are denied.  Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the third and fourth sentences of Paragraph 79.  To the extent a response is required, the averments in the third and fourth sentences of Paragraph 79 are denied.

80.     The averments in Paragraph 80 are denied.

2952818

81.     Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in Paragraph 81.  To the extent a response is required, the averments in Paragraph 81 are denied.

82.     The averments in Paragraph 82 are denied.

83.     The averments in the first and second sentences of Paragraph 83 are denied. Wallace lacks knowledge or information sufficient to form a belief about the truth of the averments in the third sentence of Paragraph 83.  To the extent a response is required, the averments in the third sentence of Paragraph 83 are denied.

84.     Paragraph 84 is a purported statement of the relief requested by the Plaintiffs to which no response is required.  To the extent response is required, any averments are denied. Wallace denies the Plaintiffs are entitled to any relief.

85.     To the extent that Paragraph 85 attempts to incorporate other paragraphs contained in the Amended Complaint, Wallace re-alleges and incorporates his responses to each of the incorporated paragraphs.  Any averments in Paragraph 85 are denied.

86.     Paragraph 86 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

87.     Paragraph 87 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

88.     Paragraph 88 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

89.     The averments in Paragraph 89 are denied.

90.     The averments in Paragraph 90 are denied.

2952818

91.     Paragraph 91 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

92.     Paragraph 92 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

93.     Paragraph 93 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

94.     The averments in Paragraph 94 are denied.

95.     Paragraph 95 is a purported statement of the relief requested by the Plaintiffs to which no response is required.  To the extent response is required, any averments are denied. Wallace denies the Plaintiffs are entitled to any relief.

96.     To the extent that Paragraph 96 attempts to incorporate other paragraphs contained in the Amended Complaint, Wallace re-alleges and incorporates his responses to each of the incorporated paragraphs.  Any averments in Paragraph 96 are denied.

97.     Paragraph 97 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

98.     Paragraph 98 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

99.     Paragraph 99 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

100.    Paragraph 100 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

101.    Paragraph 101 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

102.    Paragraph 102 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

103.    Paragraph 103 is legal argument, to which no response is required.  However, to the extent a response is required, any averments are denied.

104.    Paragraph 104 is a purported statement of the relief requested by the Plaintiffs to which no response is required.  To the extent response is required, any averments are denied. Wallace denies the Plaintiffs are entitled to any relief.

105.    Wallace denies that the Plaintiffs are entitled to the relief requested in the CONCLUSION AND PRAYER portion of the Amended Complaint.

106.    Any averments in *Plaintiffs' First Amended Original Complaint to Dischargeability of Debt Pursuant to 11 U.S.C. § 523* which have not been admitted, denied or explained are hereby denied.

107.    Wallace reserves the right to amend his responses contained herein in accordance with the applicable rules of procedure.

## DEFENSES AND AFFIRMATIVE DEFENSES

108.    Each of the following affirmative defenses is pleaded in the alternative:

109.    Wallace asserts that the *Plaintiffs' First Amended Original Complaint to Dischargeability of Debt Pursuant to 11 U.S.C. § 523* fails to state a claim upon which relief may be granted and should be dismissed pursuant to FED. R. CIV. P. 12(b)(6).

110.    Wallace asserts that the Plaintiffs lack standing to assert at least some of the claims.

111.    Wallace asserts that the Plaintiffs claims are barred, in whole or in part, because he is not personally liable.

112.    Wallace asserts that the Plaintiffs claims are barred, in whole or in part, because he owes no debt to the Plaintiffs.

113.    Wallace asserts that the Plaintiffs claims are barred, in whole or in part, because the Plaintiffs have no claim against Wallace.

114.    Wallace asserts that the Plaintiffs' claims are barred, in whole or in part, because partners or limited partners are not fiduciaries with respect to partnerships nor owe fiduciary duties to each other and such, if any, duties arise from and are limited to contractual duties or applicable law.

115.    Wallace asserts the business judgment rule.

116.    Wallace asserts that the Plaintiffs' claims are barred, in whole or in part, by estoppel.

117.    Wallace asserts that the Plaintiffs' claims are barred, in whole or in part, by waiver.

118.    Wallace asserts that the Plaintiffs' claims are barred, in whole or in part, by the Plaintiffs' ratification.

119.    Wallace asserts that the Plaintiffs' claims are barred, in whole or in part, by the doctrines of *in pari delecto* and unclean hands.

120.    The damages, if any, claimed by the Plaintiffs, were proximately caused by, or contributed to by, the acts or omissions of a party or parties for whose conduct Wallace is not responsible.  Wallace requests the Court to direct the trier of fact to compare the extent to which the fault of each actor, regardless of whether joined in this suit, caused or contributed to causing the alleged injuries, if any.  Wallace specifically alleges:

2952818

      a.      The investment funds' creditors' negligence, fault or assumption of risk contributed to causing or solely causing the alleged damages, if any;

      b.      The damages, if any, were caused solely by one or more third parties for whose negligence and misconduct Wallace is not responsible; and

      c.      Comparative negligence and/or fault.

121.     Wallace asserts failure to mitigate damages.

122.     Wallace alleges that, inasmuch the Plaintiffs pray for punitive or exemplary damages, such damages are unavailable.  The Court should deny these damages because any award of such damages would violate Due Process, Excessive Fines, Equal Protection, and/or other guarantee in the Fifth, Eighth, and Fourteenth Amendments, and other provisions of the Constitution of the United States; Article I, §§ 19, 13, and 3; and other provisions of the Constitution of the State of Texas, or any combination of these guarantees.  More specifically, Wallace alleges:

      a.      Punitive damages are intended to punish Wallace; to the extent that such damages have been claimed, therefore, this proceeding is at least quasi-criminal in nature; and

      b.      To the extent that the Plaintiffs' burden of proof to establish punitive damages in this proceeding are lighter than the burden of proof required by law in criminal proceedings, that lower burden of proof violates Wallace's rights to Due Process of law and to Equal Protection of the law under the Constitution of the United States, the Constitution of the State of Texas, or both.

123.     Wallace asserts that the Plaintiffs' claims are barred, in whole or in part, by all applicable limitations on or caps on damages, including punitive damages.

124.     Wallace denies that he is liable in the capacity in which he is sued.

125.     Wallace reserves the right to raise any additional defenses and/or affirmative defenses that may be determined through pretrial discovery.

WHEREFORE, David Gordon Wallace respectfully requests that the Bankruptcy Court recommend that the Plaintiff take nothing by its claims against David Gordon Wallace, and for such other and further relief, general or specific, legal or statutory, or equitable, to which Wallace may be entitled.

Respectfully submitted,

*/s/ Simon Mayer*
Wayne Kitchens          TBN 11541110
wkitchens@hwa.com
Simon Mayer              TBN 24060243
smayer@hwa.com
HUGHES WATTERS ASKANASE, LLP
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
Telephone: (713) 759-0818
Facsimile: (713) 759-6834
**ATTORNEYS FOR**
**DAVID GORDON WALLACE**

2952818

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the *Answer to Plaintiffs' First Amended Original Complaint to Dischargeability of Debt Pursuant to 11 U.S.C. § 523* was served on the parties listed below by the method indicated on this the 8th day of January 2016.

**<u>Plaintiff (Pro Se)</u>**
Wayne M. English
4849 Bluecap Court
Mesquite, Texas 75181
*Via US Mail*

**<u>Plaintiff (Pro Se)</u>**
James D. Colling
1105 Essex Ct.
Seabrook, Texas 77586
*Via US Mail*

*/s/ Simon Mayer*
    Simon Mayer

2952818